**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:16-CR-00011-ADA** |
| | § | |
| **JASON PAUL NINO** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. **§** 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

Defendant Nino was convicted of Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 6, 2016, United States District Judge Robert Pittman sentenced Defendant Nino to seventy (70) months imprisonment; three (3) years supervised release, and ordered to pay a $100.00 special assessment

On November 26, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated Mandatory Condition

Number 1, in that on November 22, 2025, he operated a motor vehicle while intoxicated, a Class A Misdemeanor, in violation of Texas Penal Code 49.09(a).

**Violation Number 2:** The defendant violated Standard Condition Number 7, in that he failed to refrain from the excessive use of alcohol

On February 17, 2026, the Court held a hearing on the petition. At the hearing, the defendant pled No Contest. The petition contained a sufficient factual basis to support pleas of No Contest.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.    The defendant violated the conditions of his supervision as alleged in the petition.

2.    The defendant was competent to make the decision to enter pleas of No Contest.

3.    The defendant had both a factual and rational understanding of the proceedings against him.

4.    The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    The defendant was sane and mentally competent to stand trial for these proceedings.

7.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.      The defendant understood the petition and the charges alleged against him.

10.     The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.     The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     The defendant freely, intelligently, and voluntarily entered his pleas of No Contest.

14.     The defendant understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the defendant's pleas of No Contest.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on supervised release, with the following modified conditions:

1. The defendant shall participate in a program approved to provide driving under the influence and offender responsibility training, as directed by the probation officer. The defendant will pay for all costs associated with these programs.

2. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervised release.

3. The defendant shall not possess any alcohol and shall not have any alcohol at his place of residence during the term of supervision.

4. The defendant shall not permit the consumption of alcohol at his residence during the term of supervised release. Additionally, he will not permit any individual under the influence of alcohol and/or any other intoxicant to visit him at home during the term of supervised release.

5. The defendant shall not frequent places where illegal activity and excessive alcohol use are prevalent, including bars, clubs, strip clubs, and smoke shops

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 17th day of February 2026.

Dan N. MacLemore
United States Magistrate Judge